IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE EDMOND,
    Plaintiff,

vs.                                    Case No.: 4:05cv240/MMP/EMT

STATE OF FLORIDA and
CHARLES V. CRIST,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 15). Plaintiff, an inmate at Union Correctional Institution, names two Defendants in this action, the State of Florida and Florida Attorney General Charles V. Crist (*id*. at 1, 2). Plaintiff claims that the Florida Rules of Evidence are applied in a discriminatory manner (*id*. at 7). He alleges that in some criminal trials, such as his, evidence of diminished mental capacity is not permitted; however, in other criminal trials, defendants are permitted to use such evidence to support a voluntary intoxication defense (*id*.). Also, prosecutors are permitted to use such evidence against defendants[1] (*id*.). Plaintiff states that he is challenging "the application of a principle" in a discriminatory manner, not his conviction, incarceration, or length of sentence (*id*.). He alleges the discrimination is motivated by the "declared goal of the Criminal Punishment Code," which is "harsh punishment" (*id*. at 7a). Because the state wishes to "get tough on crime," it denies this evidence to criminal defendants because it might result in more lenient sentences, while allowing it to be used by prosecutors because it might lead to harsher sentences (*id*.).

---

[1]Regarding prosecutors, Plaintiff cites section 794.022, Florida Statutes, which allows evidence of the mental incapacity of victims to be admitted for certain crimes.

Plaintiff claims that Florida's denial of diminished capacity evidence generally, while allowing it by statute to some "similarly situated persons," violates the Equal Protection Clause (*id.* at 8). Plaintiff seeks declaratory and injunctive relief against the State of Florida and Attorney General Crist (*id*). He specifically seeks a "prospective declaration" that the State's treatment of diminished capacity evidence is discriminatory, and an injunction enjoining the State from subjecting him to unequal treatment in the future (*id.*).

Because Plaintiff is a prisoner seeking redress from a governmental entity or officer, the court is required to dismiss the complaint if it determines that the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Sys., Inc., 119 F.3d 922, 923 (11th Cir. 1997). Upon review of the complaint, the court concludes that dismissal of Plaintiff's claim is warranted for failure to state a claim upon which relief may be granted.

Initially, it is well established that a state is not a person within the meaning of 42 U.S.C. § 1983. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 64, 109 S. Ct. 2304, 2308, 105 L. Ed. 2d 45 (1989). Therefore, the State of Florida is not a proper Defendant in this action.

Furthermore, Plaintiff's claim regarding the allegedly discriminatory application of the rules of evidence in favor of individuals asserting voluntary intoxication defenses is moot. Plaintiff seeks only prospective relief, and voluntary intoxication was eliminated as a defense in Florida in 1999. Fla. Stat. § 775.051 (2005). Article III, United States Constitution, requires that there be present before the court a live, justiciable case or controversy at all stages of the litigation. Preiser v. Newkirk, 422 U.S. 395, 401-02, 95 S. Ct. 2330, 2334, 45 L. Ed. 2d 272 (1975). Absent such criterion, the district court has no jurisdiction over the cause as federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them. *Id.* A federal court

has the power and the obligation at any stage of the proceedings to inquire into subject matter jurisdiction, and if jurisdiction cannot be maintained, the court must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3); <u>Preiser</u>, 422 U.S. at 403-04; <u>Fitzgerald v. Seaboard System R.R. Inc.</u>, 760 F.2d 1249, 1251 (11th Cir. 1985). Thus, Plaintiff's equal protection claim should be dismissed as moot with respect to the availability of diminished capacity evidence to criminal defendants asserting a voluntary intoxication defense.

Plaintiff's remaining equal protection claim, regarding the availability of diminished capacity evidence to prosecutors, is without merit. The central mandate of the Equal Protection Clause is that the government must treat similarly situated people in a similar manner. <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). "Different treatment of dissimilarly situated persons does not violate the equal protection clause." <u>E&T Realty v. Strickland</u>, 830 F.2d 1107, 1109 (11th Cir. 1987). Thus, the Equal Protection Clause "simply keeps governmental decisionmakers from treating differently persons who are in all <u>relevant</u> respects alike." <u>Nordlinger v. Hahn</u>, 505 U.S. 1, 10, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992) (emphasis added).

"Equal protection claims can be divided into three broad categories." <u>E&T Realty</u>, 830 F.2d at 1112 n.5. The first category includes claims that a statute discriminates on its face. *Id.* "In such a case, a plaintiff can [ordinarily] prevail by showing that there is no rational relationship between the statutory classification and a legitimate state goal." *Id.* Where the classification involves fundamental rights or certain characteristics such as race, alienage, national origin and gender, however, the statute is subject to a heightened standard of review. <u>Romer v. Evans</u>, 517 U.S. 620, 631, 116 S. Ct. 1620, 1627, 134 L. Ed. 2d 855 (1996); <u>City of Cleburne</u>, 473 U.S. at 440-41.

The second and third types of equal protection claims involve facially neutral statutes. <u>E&T Realty</u>, 830 F.2d at 1112 n.5. The second category includes claims that "neutral application of a facially neutral statute has a disparate impact." *Id.* The third type of claim is that the government is unequally administering a neutral statute. *Id.* In both cases, a plaintiff must establish that purposeful discrimination or discriminatory intent motivates the disparate impact or disparate treatment. *Id.*

In the instant case, Plaintiff alleges that "Florida purports not to recognize evidence of diminished capacity in their rules of evidence," but allows prosecutors to use it pursuant to sections 794.011 and 794.022, Florida Statutes (Doc. 15 at 7). In claiming that Florida allows such evidence "via statute to similarly situated persons," Plaintiff appears to be making a claim that fits in the first category, i.e., that these statutes, on their face, discriminate in favor of prosecutors (*id*. at 8). However, section 794.022 provides that "evidence of the victim's mental incapacity or defect is admissible" in specified circumstances involving crimes under section 794.011. Thus, it relates to the admissibility of evidence, not the exclusion of evidence, and in no way affects a criminal defendant's ability to introduce evidence. Moreover, Plaintiff is not a member of any "class" addressed by the statute. Thus, Plaintiff's claim is more properly analyzed under the third category of equal protection claims; namely, that the neutral rules of evidence were unequally applied to Plaintiff to deny him the benefit of this evidence.

To state a claim for an equal protection violation based on the unequal administration of neutral statutes and policies, a plaintiff must show 1) that he is similarly situated to others who received different treatment, and 2) that the different treatment was motivated by a discriminatory purpose. Strickland v. Alderman, 74 F.3d 260, 264 (11th Cir. 1996); E&T Realty v. Strickland, 830 F.2d 1107, 1112-13 (11th Cir. 1987). Thus, in order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was similarly situated in the relevant aspects to those who received more favorable or different treatment. *See, e.g.*, Campbell v. Rainbow City, Ala., 424 F.3d 1306, 1314-1317 (11th Cir. 2006) (rejecting an equal protection claim where developer had not established that other projects were similarly situated in terms of, *inter alia*, proposed use, number of variances sought, procedural status and documentation presented to zoning board); Oliver v. Scott, 276 F.3d 736, 746-47 (5th Cir. 2002) (rejecting equal protection claim where policy treated male and female prisoners differently because male prisoners in a certain prison were more numerous and had been convicted of more violent offenses).

In the instant case, Plaintiff has failed to allege any facts suggesting he was similarly situated to the victims or prosecutors on whose behalf this evidence is admissible  To be similarly situated, Plaintiff must be alike in relevant aspects to the class of prosecutors to whom this evidence is available. It is clear that criminal prosecutors and defendants are not alike in many aspects relevant

Case No: 4:05cv240/MMP/EMT

to a criminal prosecution. Because Plaintiff has failed to meet the threshold showing that he was similarly situated to others who were treated more favorably, his equal protection claim should be dismissed for failure to state a claim.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b).

At Pensacola, Florida this 3rd day of August 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**