IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE EDMOND,

    Plaintiff,
v.                                      CASE NO. 4:05-cv-00240-MP-EMT

CHARLES V CRIST,
STATE OF FLORIDA,

    Defendants.
_____/

**O R D E R**

This matter is before the Court on Doc. 17, Report and Recommendation (R&R) of the Magistrate Judge, which recommends that this case be dismissed with prejudice for Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b).  For the reasons below, this Court adopts the Magistrate's R&R.

Plaintiff claims that the Florida Rules of Evidence are applied in a discriminatory manner. He alleges that in some criminal trials, such as his, evidence of diminished mental capacity is not permitted; however, in other criminal trials, defendants are permitted to use such evidence to support a voluntary intoxication defense.  Also, prosecutors are permitted to use such evidence against defendants.  Plaintiff claims that Florida's denial of diminished capacity evidence generally, while allowing it by statute to some "similarly situated persons," violates the Equal Protection Clause.  Plaintiff seeks declaratory and injunctive relief against the State of Florida and Attorney General Crist.

The Magistrate's R&R finds no merit to Plaintiff's claims.  First, the State of Florida is not a proper Defendant in this action.  Additionally, Plaintiff's claim regarding the allegedly

discriminatory application of the rules of evidence in favor of individuals asserting voluntary intoxication defenses is moot because Plaintiff seeks only prospective relief, and voluntary intoxication was eliminated as a defense in Florida in 1999. Plaintiff's remaining equal protection claim, regarding the availability of diminished capacity evidence to prosecutors, is also meritless. Florida statute §794.022, which allows the admission of "evidence of the victim's mental incapacity or defect" in specified circumstances involving crimes under section 794.011, does not facially discriminate in favor of prosecutors. Moreover, Plaintiff is not a member of any "class" addressed by Florida Statute §794.022. Finally, Plaintiff has failed to allege any facts suggesting he was similarly situated to the victims or prosecutors on whose behalf diminished capacity evidence is admissible. For these reasons, Plaintiff has not alleged a viable equal protection claim. Accordingly, the Magistrate's R&R recommends that Plaintiff's claim be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b).

Plaintiff has filed objections to the Magistrate's Report, Doc. 18. Plaintiff objects "that a state may be sued by prisoners for declaratory and injunctive relief." Plaintiff also objects to the Magistrates conclusion that he has failed to allege any facts suggesting he was similarly situated to the victims or prosecutors on whose behalf diminished mental capacity evidence is admissible. Finally, Plaintiff objects that "having pre-paid all of his fees...and not proceeding in forma pauperis, Plaintiff's §1983 civil rights complaint is not reviewable under 28 U.S.C. 1915 for failure to state a claim upon which relief may be granted."

In his objections, Plaintiff claims the Magistrate erred by concluding that the State of Florida is not a proper Defendant in this action. The Magistrate relies on <u>Will v. Michigan</u>

Dep't. of State Police, 491 U.S. 58, 64 (1989) for the proposition that a state is not a person within the meaning of 42 U.S.C. §1983 and therefore cannot be named as a defendant in Plaintiff's suit.  Plaintiff contends that in Will the plaintiff was attempting to sue a state for money damages, and since Plaintiff, in the instant case, is only asking for declaratory and injunctive relief, not money damages, the holding in Will does not preclude Plaintiff from suing the State.  However, the Supreme Court Case of FMC v. S.C. State Ports Auth., 535 U.S. 743 (2002) holds that whether a state can be sued does not depend on the type of relief sought:

> sovereign immunity applies regardless of whether a private plaintiff's suit is for monetary damages or some other type of relief. See Seminole Tribe, 517 U.S., at 58 ("We have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment").  Sovereign immunity does not merely constitute a defense to monetary liability or even to all types of liability. Rather, it provides an immunity from suit.

FMC v. S.C. State Ports Auth., 535 U.S. 743, 765-66 (2002).  Thus, the Magistrate was correct in concluding that the State of Florida is not a proper Defendant in this action.

Plaintiff also objects to the Magistrates conclusion that he has failed to allege any facts suggesting he was similarly situated to the victims or prosecutors on whose behalf diminished mental capacity evidence is admissible.  In support, Plaintiff argues that "accusers and prosecutors are, in every relevant comparison, similarly situated to the accused and defense counsel."  To assert a valid equal protection claim, the threshold showing Plaintiff must make is that he was similarly situated to those who received more favorable or different treatment.  See, e.g., Campbell v. Rainbow City, Ala., 424 F.3d 1306, 1314-1317 (11th Cir. 2006).  While Plaintiff's claim is not entirely clear as to what kind of diminished capacity evidence he was denied, diminished capacity evidence generally, of himself, or of the victim, under any of these

theories, Plaintiff does not make the threshold showing because Plaintiff either does not allege facts showing he was similarly situated to prosecutors or Plaintiff does not allege different treatment.

If Plaintiff is claiming that he was denied the use of diminished capacity evidence generally, or of himself, then his claim fails because he is not similarly situated to prosecutors. Under Florida Statute §794.022, "evidence of the *victim's* mental incapacity or defect is admissible" in specified circumstances involving crimes under section 794.011. Fla. Stat. §794.022(4)(emphasis added). Evidence of a *victim's* diminished capacity is different than evidence of diminished capacity generally or of diminished capacity of the defendant. And, if Plaintiff is claiming he is denied different evidence than prosecutors are allowed, then prosecutors are not similarly situated persons. To be similarly situated, Plaintiff must be alike in relevant aspects. Thus, because "[d]ifferent treatment of dissimilarly situated persons does not violate the equal protection clause," E&T Realty v. Strickland, 830 F.2d 1107, 1109 (11th Cir. 1987), Plaintiff has not alleged a viable equal protection claim.

If Plaintiff is alleging that he cannot offer diminished capacity evidence regarding the victim, then his claim fails because Plaintiff does not allege facts showing he was treated differently. Florida Statute §794.022 provides:

> (4) When consent of the victim is a defense to prosecution under s. 794.011, evidence of the victim's mental incapacity or defect is admissible to prove that the consent was not intelligent, knowing, or voluntary;

This statute does not create different treatment between prosecutors or defendants because both are allowed to introduce evidence "of the victim's mental incapacity," or concomitantly the victim's lack of mental incapacity. Again, Plaintiff does not make the threshold showing that he

was similarly situated to those who received more favorable or different treatment, this time, because there is no different treatment. Ultimately, there is no evidence in the record that similarly situated persons unreasonably or arbitrarily suffered different treatment by a state actor. As a result Plaintiff's equal protection complaint fails to state a claim on which relief may be granted.

Plaintiff's final objection is that "having pre-paid all of his fees...and not proceeding in forma pauperis, Plaintiff's §1983 civil rights complaint is not reviewable under "28 U.S.C. 1915" for failure to state a claim upon which relief may be granted. Plaintiff fails to offer any support for this objection. Moreover, this objection is without merit as 28 USCS § 1915A states:

> (a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

Since the claim in the instant case is one "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," it is this Court's obligation to review the complaint and dismiss it if the complaint "fails to state a claim upon which relief may be granted." As discussed above, Plaintiff's claim fails to state a claim upon which relief may be granted, therefore, this court "shall. . . dismiss the complaint."

Having considered the Report and Recommendation and all objections thereto filed, I have determined that the Report and Recommendation should be ADOPTED. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. This action is dismissed with prejudice.

**DONE AND ORDERED** this  *27th*   day of June, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge